(C. D. 863)

T. M. Duche & Sons et al. v. United States

United States Customs Court, Third Division

(Decided June 29, 1944)

*Barnes, Richardson & Colburn (Albert MacC. Barnes, Samuel M. Richardson, and J. Bradley Colburn of counsel) for the plaintiffs.*

*Paul P. Rao, Assistant Attorney General (Richard E. FitzGibbon and Joseph F. Donohue, special attorneys), for the defendant.*

Before Cline, Keefe, and Ekwall, Judges

Cline, Judge:  These two suits against the United States, one arising at the port of Boston and the other at the port of New York, were consolidated for trial.  The merchandise involved consists of dried egg albumen which was assessed at 27 cents per pound under paragraph 713 of the Tariff Act of 1930 as modified by a Presidential proclamation dated June 24, 1931 (T. D. 44997) issued under the authority of section 336.

The plaintiffs claim that the merchandise should have been assessed at 18 cents per pound as provided in paragraph 713 and rely on the following claim in the amendments to the protests:

We claim further that the Presidential proclamation, T. D. 44997, constituted an illegal exercise of delegated power; that the said proclamation was illegal, null and void on the ground that the Tariff Commission's investigation and report to the President, dated June 16, 1931, upon which said proclamation was based, show that there was no domestic dried egg albumen industry nor any "domestic article" for which a finding of cost of production could be made as

required by section 336, Tariff Act of 1930, during the period covered by the Tariff Commission's investigation.

Other claims which are made in the protests and in the amendments thereto are not relied upon by the plaintiffs.

The evidence introduced by the plaintiffs consists of the record and exhibits in *David L. Moss Co., Inc.* v. *United States*, 26 C. C. P. A. (Customs) 381, C. A. D. 45, and one further document. There was no oral testimony. The exhibits are as follows: Exhibit 1, a copy of Senate Resolution 389 of the 71st Congress, third session, directing that the United States Tariff Commission investigate the differences in the costs of production of dried whole eggs, dried egg yolk, and dried egg albumen produced in the United States and like or similar foreign articles, with a view to the application of section 336 of the Tariff Act of 1930; exhibit 2, a copy of the public notice of investigation issued by the United States Tariff Commission; exhibit 3, a copy of the testimony taken before the Commission; exhibit 4, photostatic copies of the documentary exhibits introduced in that investigation; exhibit 5, photostatic copies of depositions taken of witnesses not in attendance at the public hearing; exhibit 6, a report of the Tariff Commission, No. 25, entitled "Report to the President on Dried Egg Products."

Counsel for the plaintiffs argues in his brief that the Presidential proclamation, insofar as it refers to dried egg albumen, was null and void because there was no industry in the United States producing that product during the period set for the investigation by the Tariff Commission and hence there was no cost of production of domestic products, so the difference in cost of production between domestic products and those of the chief competing country could not be ascertained.

The issue herein involved is the same as that passed upon in the case of *David L. Moss, Inc.* v. *United States, supra,* but the plaintiffs urge that, in view of the fact that this court made no findings of fact when the case was before it for consideration and that the findings of fact by members of the appellate court were not conclusive because the majority of the court did not agree, the issue should be litigated again so that this court may consider the facts of record and make findings thereon.

A review of the history of that case shows that when it was before this tribunal (71 Treas. Dec. 825, T. D. 48985) the court held that it was without authority to review the findings of fact made by the Tariff Commission or to disturb the conclusions of the President based on the record. That holding was reversed by the majority of the appellate court. Four separate opinions were filed. It appears from an examination of the court's decision that four of the members were of opinion that the evidence submitted before the Tariff Commission

should be reviewed for the purpose of determining if there was any substantial evidence to support the finding of the President, while one judge was of opinion that the court had no jurisdiction to review the evidence. Two of the members (Judge Parker and Judge Lenroot) who reviewed the evidence came to the conclusion that the finding was sustained by the evidence and therefore that the judgment below overruling the protest should be affirmed, while two other members (Presiding Judge Garrett and Judge Bland) were of the opposite opinion and believed that the judgment below should be reversed. Judge Hatfield, who took the position adopted by the trial court and who believed that the evidence should not be reviewed, was of opinion that the judgment below should be affirmed, thus completing a majority in favor of affirming the judgment of this court.

In view of this conflict in the findings of fact by the members of the appellate court in the review of the evidence, counsel for the plaintiffs in the instant case requested that this court consider the facts shown in the evidence and make a finding as to whether or not there was substantial evidence before the Tariff Commission to support its finding and the President's proclamation.

Counsel for the defendant argues that the court is without authority to review the evidence taken before the Tariff Commission as requested by the plaintiffs, citing *United States* v. *George S. Bush & Co., Inc.,* 310 U. S. 371, T. D. 50159, which case was decided subsequently to the *Moss* case, *supra.*

*United States* v. *George S. Bush & Co., Inc., supra,* apparently is the latest adjudication on the subject by the court of last resort, and, if the case presents an issue similar to that herein involved, it is obvious that this court is bound by that decision. In that case, the Tariff Commission, pursuant to the provisions of section 336 of the Tariff Act of 1930, investigated the difference in the costs of production of canned clams from Japan and a similar domestic article, and the President, acting pursuant to that report, issued a proclamation effecting an increase in duty on the Japanese product. The Commission found that the difference in the cost of production was such that the duty on the foreign value of the clams, if increased by only 50 per centum, would not equalize such difference and, accordingly, recommended that an increase of duty be effected by assessing the existing rate, as fixed in the tariff act, on a dutiable value represented by the American selling price. The proclamation provided that the rate of duty, as fixed in the tariff act, should be based upon the American selling price.

In its investigation and in arriving at the cost of production of the foreign article, the weighted average of the invoice prices or values for a representative period was considered by the Tariff Commission. The representative period was from December 1, 1930, to September

30, 1932, but, as the invoice prices were in Japanese yen, and, in order to compare those prices with the American cost of production of a similar American article, the Japanese yen was converted into United States dollars at the average rate of exchange for the year 1932. The importer in that case claimed that it was illegal for the Commission to use the average rate of exchange of the yen for the year 1932 when the representative period under investigation was from December 1, 1930, to September 30, 1932, and that, therefore, the Commission obtained a value which did not represent the cost of production for the imported merchandise during the representative period.

The merchandise in that case was appraised, pursuant to the Presidential proclamation, at the American selling price and the importer appealed for a reappraisement, claiming that it should have been appraised at its foreign or export values, and that the Presidential proclamation was void. The trial court found that the appraised values represented the legal values of the merchandise, and, on appeal to the United States Court of Customs and Patent Appeals, that decision was reversed by the majority of the court. It was held that the Tariff Commission erred in converting the Japanese yen currency into United States dollars and that the proclamation of the President, which was based on the illegal investigation, was without authority of law and was illegal, null, and void. *George S. Bush & Co., Inc.* v. *United States*, 27 C. C. P. A. (Customs) 64, C. A. D. 64.

The United States Supreme Court granted the Government's petition for a writ of certiorari. In reversing the judgment of the majority of the Court of Customs and Patent Appeals, the Supreme Court held that where Congress has authorized a public officer to take some legislative action, when in his judgment that action is necessary to carry out the legislative policy of Congress, the judgment of that officer as to the existence of the facts calling for that action is not subject to judicial review. Mr. Justice Douglas, speaking for the United States Supreme Court, said at page 379:

\* \* \*. The President's method of solving the problem was open to scrutiny neither by the Court of Customs and Patent Appeals nor by us. Whatever may be the scope of appellate jurisdiction conferred by §501 of the Tariff Act of 1930, it certainly does not permit judicial examination of the judgment of the President that the rates of duty recommended by the Commission are necessary to equalize the differences in the domestic and foreign costs of production.

Counsel for the plaintiffs attempts to distinguish the question raised in the above decision from that in the case herein involved on the ground that the decided case was a reappraisement matter subject to review under the provisions of section 501 of the Tariff Act of 1930,

whereas, in the instant case, the importers derived the right of review of the collector's decision under section 514 which authorizes an appeal from "all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable * * *." The plaintiffs claim that the court's jurisdiction is broader under section 514 than under section 501.

It is true that the jurisdiction under section 514 is broader than that under section 501, but here the issue relates to a discretionary function of the President based on an investigation by the Tariff Commission. It is not like the question involved in *Carl Zeiss, Inc.* v. *United States*, 23 C. C. P. A. (Customs) 7, T. D. 47654, where it was shown that the Tariff Commission did not make a legal investigation. In the instant case there is no contention that the Tariff Commission failed to make a valid investigation. In fact, the voluminous record in this case shows a complete compliance with all the necessary conditions relating to such an investigation. The issue herein relates to the legality of a finding of fact by the President upon a subject which is strictly within his discretionary powers.

The testimony taken before the Tariff Commission and the report of that body on the case, were admitted in evidence inasmuch as it had been held by the appellate court, in *David L. Moss Co., Inc.* v. *United States, supra,* that such evidence was the proper subject of review by the court. However, the trial occurred prior to the decision of the United States Supreme Court in the case of *United States* v. *George S. Bush & Co., Inc., supra,* in which case it was held that the court could not review such documents. It is evident from the decision of the United States Supreme Court, above referred to, that the exhibits should not have been received in evidence for the purpose for which they were introduced. If Congress had desired that the court should review such evidence for the purpose of determining whether the findings of the Tariff Commission were supported by the facts, it would have made provision therefor. It is noted that in section 337, relating to investigations on unfair practices in import trade, Congress enacted a provision permitting a review of the findings of the Tariff Commission by the United States Court of Customs and Patent Appeals on questions of law only, but there is no provision permitting review of the findings of that body under the provisions of section 336. In the absence of such a provision, we hold that the evidence in exhibits 3 to 6 is not subject to review by the court.

We find no competent evidence in the record in support of the claims made in the protests and therefore overrule the same. Judgment will be entered in favor of the defendant.